# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1120V
UNPUBLISHED

| | |
|---|---|
| HEATHER HARVARD,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 21, 2020<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jeffrey Gordon, Maney & Gordon, P.A.,* Tampa, FL, for petitioner.

*Darryl R. Wishard, U.S. Department of Justice,* Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On July 31, 2018, Heather Harvard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration (SIRVA) after receiving an influenza ("flu") vaccine on August 10, 2015. Petition at 1; Stipulation, filed April 21, 2020, at ¶¶ 1-2. Petitioner further alleges she sustained the first symptom or manifestation of onset of a left SIRVA within the Table time period; experienced the residual effects of this injury for more than six months; she had no recent history of pain, inflammation, or dysfunction of her left shoulder prior to her vaccination. Petition at 1; Stipulation at ¶¶ 4. In the Stipulation, Respondent states that "[t]here is not a preponderance of evidence demonstrating that petitioner's SIRVA is due to a factor unrelated to her immunization" and "[a]ccordingly, petitioner is entitled to compensation for her SIRVA under the terms of the Act."

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Stipulation at ¶ 5, 7. However, Respondent "denies that the flu vaccine caused any other injury, including Complex Regional Pain Syndrome." Stipulation at ¶ 7.

On April 21, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $109,582.59 in the form of a check payable to Petitioner**, consisting of $105,000.00 for past and future pain and suffering and $4,586.59 for unreimbursed expenses.  Stipulation at ¶ 9.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id*.

I approve the requested amount for Petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HEATHER HARVARD,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>      Respondent. | No. 18-1120V   ECF<br><br>Chief Special Master Corcoran |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Petitioner, Heather Harvard, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. On August 10, 2015, petitioner received the flu vaccine in the left arm.

3. The vaccine was administered within the United States.

4. Petitioner sustained the first symptom or manifestation of onset of a left shoulder injury related to vaccine administration ("SIRVA"), within the Table time period, following receipt of the flu vaccine, and experienced the residual effects of this injury for more than six months.

5. There is not a preponderance of evidence demonstrating that petitioner's SIRVA is

1

due to a factor unrelated to her immunization.

6.  Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged injuries.

7.  Accordingly, petitioner is entitled to compensation for her SIRVA under the terms of the Act. Respondent denies that the flu vaccine caused any other injury, including Complex Regional Pain Syndrome ("CRPS").

8.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $109,582.59 (consisting of $105,000.00 for past and future pain and suffering; and, $4,586.59 for unreimbursed expenses), in the form of a check payable to petitioner.

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. Section 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

12. Payment made pursuant to paragraph 9 of this Stipulation, and any amounts awarded pursuant to paragraph 10 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 9 and 10, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or

unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccine administered on August 15, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about July 31, 2018, in the United States Court of Federal Claims as petition No. 18-1120V.

15. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 10 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury; however, petitioner has satisfied the Table criteria to establish entitlement to compensation for her SIRVA.

4

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*[signature: Heather Harvard]*
HEATHER HARVARD

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:**<br><br>*[signature]*<br>STEVE ZALOUDEK<br>Maney & Gordon, P.A.<br>101 E. Kennedy Blvd., Suite 1700<br>Tampa, FL 33602<br>Tel: (813) 221-1366 | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>*[signature: Catharine E. Reeves]*<br>CATHARINE E. REEVES<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**<br><br>*Ward Sorensen for*<br>TAMARA OVERBY<br>Acting Director, Division of Injury<br>  Compensation Programs<br>Healthcare Systems Bureau<br>U.S. Department of Health<br>  and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Mail Stop 08N146B<br>Rockville, MD 20857 | **ATTORNEY OF RECORD FOR RESPONDENT:**<br><br>*Darryl R Wishard<br>by Catharine E*<br>DARRYL R. WISHARD<br>Senior Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>Tel: (202) 616-4357 |

Dated: 4/21/20