# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1120V
(not to be published)

| | |
|---|---|
| HEATHER HARVARD,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 20, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jeffrey Gordon*, *Maney & Gordon*, P.A., Tampa, FL, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On July 31, 2018, Heather Harvard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration (SIRVA) after receiving an influenza ("flu") vaccine on August 10, 2015. (Petition at 1). On April 21, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 52).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 27, 2020, (ECF No. 56), requesting a total award of $53,823.46 (representing $52,840.50 in fees, and $982.96 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (*Id*. at 56.) Respondent reacted to the motion on April 28, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason(s) listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). A claimant "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434

2

**ATTORNEY FEES**

    A.    *Hourly Rates*

The determination of the amount of reasonable attorney's fees is within the special master's discretion. *See, e.g., Saxton v. Health & Human Servs.,* 3 F.3d 1517,1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson*, 24 Cl. Ct. at 483.

Petitioner requests I endorse the following rates: attorneys Jeffrey "Jack" Gordon, Donna Ferrell, and Steven Zaloudek at their "reduced rate" of $435 per hour for all time billed from 2017 - 2020. (ECF No.56 at 3-5). Petitioner also requests compensation for time billed by the paralegals at the rate of $150 per hour for all time billed. I find adjustments are needed to all rates requested.

        i.    Jeffrey "Jack" Gordon

Jeffrey Gordon has been a licensed attorney in Florida since 1990, placing him in the OSM range of attorneys with 20 - 30 years' experience for time his time billed in this case. (ECF No. 56 at 3). However, this is Mr. Gordon's first case in the Vaccine Program. (It was also the first case for former attorney of record Donna Ferrell and attorney Steven Zaloudek).

As a result, Mr. Gordon's requested rate of $435 per hour for any period exceeds what an attorney with comparable overall legal experience, but a lack of Vaccine Act-specific experience, would receive in the Vaccine Program. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). In addition, the nature of work Mr. Gordon performed in this matter appears to have been substantively limited, billing only 4.8 hours in for the entire case for tasks limited to review of the case's status. (*Id.* at 11).

In light of the above, I find it appropriate to reduce the requested hourly rate for Mr. Gordon for all periods of work performed on this matter, and instead to award him as follows:

- $358 per hour for work performed in 2017;
- $375 per hour for work performed in 2018; and
- $390 per hour for work performed in 2019.

This reduces the total amount to be awarded as fees in this case for Mr. Gordon by **$273.00**.[3]

      ii.     Donna Ferrell

Donna Ferrell has been a licensed attorney since 1993, also placing her in the OSM range of attorneys with 20 - 20 years' experience for her time billed from 2016 – 2019. (ECF No. 56 at 3). As with Mr. Gordon, however, Ms. Ferrell's requested rate of $435 per hour for any period exceeds what an attorney with comparable overall legal experience, but a lack of Vaccine Act-specific experience, would receive in the Vaccine Program.

Ms. Ferrell was the original attorney of record in this matter and preformed the bulk of the time billed. Although I find that a rate reduction is appropriate, I will award Ms. Ferrell a slightly higher rate in her appropriate range and award her rates as follows:

- $375 per hour for work performed in 2017;
- $385 per hour for work performed in 2018; and
- $400 per hour for work performed in 2019.

This reduces the total amount to be awarded as fees in this case for time billed by Ms. Ferrell in the amount of **$3,169.50**.[4]

      iii.     Steven Zaloudek

Steven Zaloudek has been a licensed attorney since 1994, also placing him in the OSM range of attorneys with 20 - 30 years' experience for his time billed in 2019 and 2020.  (ECF No. 56 at 3). But Mr. Zaloudek's requested rate of $435 per hour for any period, exceeds what an attorney with comparable overall legal experience would receive

---

[3] This amount consists of Mr. Gordon's time billed for 2017 and 2019.  ($435 - $358 = $60 x 4.3 hrs = $258) + ($435 - $390 = $45 x .50 hrs = $22.50) = $280.50. Mr. Gordon did not bill time in this case during 2018 or 2020.

[4] This amount consists of: ($435 - $375 = $60 x 7.5 hrs = $450) + ($435 - $385 = $50 x .39.9 hrs = $1,995) + ($435 - $400 = $35 x 20.7 hrs = $724.50) = $3,169.50.

4

in the Vaccine Program. Mr. Zaloudek preformed the majority of the work on the case after Ms. Ferrell left the firm in 2019. I will award Mr. Zaloudek the rates as follows:

- $375 per hour for work performed in 2019; and
- $390 per hour for work performed in 2020.

This reduces the total amount to be awarded as fees in this case for time billed by Mr. Zaloudek in the amount of **$1,576.50**.[5]

> iv.   Paralegal Rates

Petitioner is requesting an hourly rate of $150 for the work of paralegals on this case. (Id. at 46). This rate exceeds the OSM Attorneys' Forum Hourly Rate Schedules ranges for paralegals for the years of 2017 and 2018. I reduce the paralegal rates to the following:

- $130 per hour for work performed in 2017 and
- $140 per hour for work performed in 2019.

The requested rate of $150 per hour is appropriate, however, for work peformed in 2019 and 2020. This reduction will reduce the amount to be awarded for fees in this case in the amount of **$234.00**.[6]

> B.   *Paralegal Tasks at Attorney Rates*

Petitioner requests attorney compensation for a number of tasks considered to be paralegal work and billed at an attorney rate. Upon review of the billing invoices submitted, over eleven hours was billed considered paralegal in nature.  Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.,* 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June

---

[5] This amount consists of: ($435 - $375 = $60 x 4.6 hrs = $276) + ($435 - $390 = $45 x 28.9 hrs = $1,300.50) = $1,576.50.

[6] This amount consists of ($150 – $130 = $20 x 4.7 hrs = $94) + ($150 - $140 = $10 x 14 hrs = $140) = $234.00.

15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Examples of these tasks include:

- November 20, 2017 (0.10 hrs) "Drafted medical record request to Dr. Bacha";
- May 23, 2018 (0.10 hrs) "Drafted supplemental records record request to CVS";
- July 29, 2018 (0.80 hrs) "Drafted notice of Filing Exhibits 1-9 and Exhibit List";
- November 29, 2018 (0.20 hrs) "Redrafted and sent request for visitation dates to Sally Marlowe"; and
- December 27, 2018 (0.20 hrs) "Conducted research to locate information on Physical Therapist Candie Dunn."

(ECF No. 56 at 13, 14, 16, 19 and 21).[7]

For all of the tasks considered paralegal in nature, I reduce the hourly rate to that more appropriate of a paralegal. This reduces the amount of fees to be awarded by **$2,795.00**.[8]

### C. *Non-Compensable Billing*

In addition to the above rate adjustments, attorney time spent on tasks that the Vaccine Program does not compensate for, including time spent engaged in professional development relating to the Vaccine Program, will not be reimbursed. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

---

[7] These are merely examples and not an exhaustive list.

[8] This amount consists of the already reduced hourly rates; ($375 - $130 = $245 x 0.50 hrs = $122.50) + ($390 - $140 = $250 x 4.90 hrs = $1,225) + ($400 x $150 = $250 x 2.10 hrs = $525) + ($375 - $150 = $225 x 4.10 hrs = $922.50) = $2,795.00.

6

Ms. Ferrell, however, appears to have spent seven hours on research regarding the Vaccine Program, contacting other attorneys with question on practicing in the Program, and setting up electronic filing accounts. Examples of these tasks include the following:

- June 28, 2018 (0.30 hrs) "TC with Renee Gentry, Esq., former President of Vaccine Bar Association re; petition process";
- June 29, 2018 (0.20 hrs) "TC with Jessica Olins, Esq. regarding attorneys' billing in vaccine cases";
- July 5, 2018 (0.30 hrs) "Signed up for CM/ECF login"; and
- July 29, 2018 (0.40 hrs) "Drafted email to Renee Gentry, Esq., re: assistance with filing petition."

(ECF No. 56 at 15 – 16).

I deny the request for reimbursement for all time considered non-compensable, thus reducing the fees to be awarded by **$2,703.00**.[9]

### D. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 10.6 hours was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, scanning and mailing documents. Examples of these tasks included:

- June 13, 2017 (0.30 hrs) "Reviewed and scanned medical records provided by client";
- August 9, 2017 (0.10 hrs) "Reviewed and scanned CV of Sally Marlowe";
- May 31, 2018 (0.20 hrs) "Scanned and sent several additional medical records requests";

---

[9] This amount is calculated using the already reduced hourly rates as follows; ($375 x 0.40 hrs = $150) + ($385 x 5.80 hrs = $2,233) + ($400 x 0.80 hrs = $320) = $2,703.00.

7

- September 25, 2018 (0.10 hrs) "Reviewed and scanned court's scheduling order";
- January 4, 2019 (0.20 hrs) "Reviewed and scanned records from physical therapy"; and
- December 11, 2019 (0.10 hrs) "Reviewed and scanned receipt of Exhibits 17 and 18."

(ECF No. 56 at 34-36, 38, 39 and 44).

I deny the request for reimbursement for all time considered non-compensable, reducing the request for fees in the amount of **$1,525.00**.[10]

### E.   Other Excessive Billing

Besides the above, the fees and costs award should be reduced for excessive billing for work relating to internal emails. Almost 20 hours was billed for internal emails between paralegal and attorneys, resulting in over $6,000.00 in requested fees. These emails consist of the attorneys tasking paralegals with items, reviewing and responding to the internal emails. As this case was a straight-forward SIRVA case, the quantity of these emails is deemed excessive, and reflects counsel's inexperience in the Vaccine Program. It is for these reasons that I deem the amount of emails excessive and unnecessary and deny this request for reimbursement for these entries. This results in an additional reduction in the amount of **$6,145.50**.[11]

## ATTORNEY COSTS

Petitioner requests $982.96 in overall costs. (ECF No. 56 at 47). This amount is comprised of obtaining medical records, postage, and the Court's filing fee. Just as with fees, however, some of the requested costs are associated with work not deemed compensable in the Vaccine Program. These costs include the $281 for admission to the Court of Federal Claims, and $85.00 listed as "File set up charges." (ECF No. 56 at 47). I deny reimbursement for these costs, reducing awardable costs by the amount of **$366.00**.

---

[10] This amount is calculated using the requested hourly rates, not the awarded hourly rates.

[11] This amount consists of the already reduced rates as follows:  ($130 x 2 hrs = $260) + ($140 x 3.9 hrs = $546) + ($150 x 4.4 hrs = $660) + ($375 x 7.6 hrs = $2,850) + ($385 x 2.5 hrs = $962.50) + ($390 x 1.3 hrs = $507) + ($400 x 0.90 hrs = $360) =  $6,145.50.

In addition, Petitioner has requested $92.81 in costs associated with shipping. These costs are itemized only as "postage" in various amounts, however, and do not state what the charges are associated with. In addition, no supporting documentation filed to support these costs. (ECF No. 54). As a result, I shall deny these costs in their entirety, reducing the awardable costs by **$92.81**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). I award a total of **$34,979.15** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel as follows;

| | |
|---|---:|
| Requested attorneys' fees: | $52,840.50 |
| Reductions | -18,385.50 |
| **Adjusted Fees Total:** | **$34,455.00** |
| Requested attorney costs: | $ 982.96 |
| Reductions | - 458.81 |
| **Adjusted Costs Total:** | **$524.15** |
| **Total Attorneys' Fees and Costs Awarded:** | **$34,979.15** |

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[12]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.